[Cite as *Ruyle v. Ohio Dept. of Transp., Dist. 2*, 2009-Ohio-7174.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

KRISTIN RUYLE

    Plaintiff

    v.

OHIO DEPARTMENT OF TRANSPORTATION, DISTRICT 2

    Defendant

    Case No. 2009-07661-AD

Deputy Clerk Daniel R. Borchert

MEMORANDUM DECISION

{¶ 1} Plaintiff, Kristin Ruyle, asserted the windshield on her 2009 Honda Civic was cracked by "a piece of debris" while she was traveling south on Interstate 75 in Lucas County at approximately 4:45 p.m. on September 3, 2009. Plaintiff pointed out that at the time of her damage incident there was roadway construction activity in the area on both the southbound and northbound lanes of Interstate 75. Plaintiff described her property damage occurrence relating that as she was driving south on Interstate 75, "I had to merge to the right because the left lane was closed (and) [a]s I looked to the right lane to merge, a piece of debris, from my left, hit the windshield." According to plaintiff, the location of her damage event was at some point as she traveled "south on Michigan Ave. to exit downtown Toledo to 75 South." Plaintiff implied the damage to her car windshield was proximately caused by negligence on the part of defendant, Department of Transportation (ODOT) in failing to maintain the roadway free of hazardous debris conditions. Plaintiff filed this complaint seeking to recover $230.00, the cost of a replacement windshield. The filing fee was paid.

{¶ 2} Defendant explained the particular section of roadway on Interstate 75

where plaintiff's incident occurred "was near a construction zone" under the control of ODOT contractor, Posen Construction, Inc. (Posen). Defendant further explained the construction project area under the control of Posen was located "between county mileposts 32.68 to 33.68 or state mileposts 199.50 to 200.40 on I-75 from Wood to Lucas County." According to defendant, the area where Posen worked "was only 0.90 mile long." Defendant related that from plaintiff's description reported in her complaint, the location of her damage occurrence "puts her between county mileposts 2.05 to 1.70 or state mileposts 201.70 to 201.40 which is not within the project limits (and) more than a mile away from the project limits." Defendant submitted an e-mail from Posen Safety Coordinator, Michael Thomas, who recorded that he talked to plaintiff on September 9, 2009 to ascertain the specific location where her incident occurred. Thomas noted he was informed by plaintiff that her car was struck by concrete debris at the entrance of the Interstate 75 South ramp from Michigan Avenue. Thomas wrote "[t]his incident happened north of our project." Additionally, Thomas pointed out Posen was "working South of that ramp and on the Northbound side."

{¶ 3} Defendant denied liability in this matter based on the contention that neither ODOT nor Posen had any knowledge of debris on Interstate 75 prior to plaintiff's property damage event. Defendant denied any knowledge of prior incidents regarding debris on this particular section of Interstate 75 between state mileposts 201.70 and 201.40. Defendant suggested the damage-causing debris "existed in that location for only a short amount of time before plaintiff's incident." Defendant asserted plaintiff failed to produce evidence to establish her damage was proximately caused by any negligent act or omission on the part of ODOT employees. Defendant pointed out the ODOT Lucas County Manager routinely inspects all state roadways within the county "at least one to two times a month" and ODOT personnel conducted litter pickups and a litter patrol operation in the area of plaintiff's incident on March 2, 2009, May 21, 2009, May 28, 2009 and September 2, 2009. Defendant stated "that if ODOT personnel had found any debris it would have been picked up and defendant was there last on September 2, 2009, which is a day before plaintiff's incident." Defendant contended plaintiff failed to offer sufficient evidence to prove her windshield was damaged as a result of ODOT breaching any duty of care owed to her as a motorist traveling on a state roadway.

{¶ 4} Plaintiff filed a response insisting the location of her property damage incident was within the construction project limits where Posen was working. Plaintiff disagreed with defendant's conclusion that the incident was located "more than a mile away from the project limits." Plaintiff stated "from her entry on I75 Southbound (from the top of the ramp) to where her car was hit, was .8 miles only .2 miles from the South Avenue exit ramp." Furthermore, plaintiff stated she "has no knowledge of what construction debris may have been there, but she knows that her car was damaged as she entered the construction area." Plaintiff surmised her windshield would not have been cracked "if the construction was not going on." Plaintiff specifically denied claiming ODOT was negligent in maintaining the roadway. Plaintiff observed she has no knowledge of how thorough ODOT personnel are when conducting litter pickup operations.

{¶ 5} For plaintiff to prevail on a claim of negligence, she must prove, by a preponderance of the evidence, that defendant owed her a duty, that it breached that duty, and that the breach proximately caused her injuries. *Armstrong v. Best Buy Company, Inc.,* 99 Ohio St. 3d 79, 2003-Ohio-2573, 788 N.E. 2d 1088, ¶8 citing *Menifee v. Ohio Welding Products, Inc.* (1984), 15 Ohio St. 3d 75, 77, 15 OBR 179, 472 N.E. 2d 707. Plaintiff has the burden of proving, by a preponderance of the evidence, that she suffered a loss and that this loss was proximately caused by defendant's negligence. *Barnum v. Ohio State University* (1977), 76-0368-AD. However, "[i]t is the duty of a party on whom the burden of proof rests to produce evidence which furnishes a reasonable basis for sustaining his claim. If the evidence so produced furnishes only a basis for a choice among different possibilities as to any issue in the case, he fails to sustain such burden." Paragraph three of the syllabus in *Steven v. Indus. Comm.* (1945), 145 Ohio St. 198, 30 O.O. 415, 61 N.E. 2d 198, approved and followed.

{¶ 6} Defendant has the duty to maintain its highways in a reasonably safe condition for the motoring public. *Knickel v. Ohio Department of Transportation* (1976), 49 Ohio App. 2d 335, 3 O.O. 3d 413, 361 N.E. 2d 486. However, defendant is not an insurer of the safety of its highways. See *Kniskern v. Township of Somerford* (1996), 112 Ohio App. 3d 189, 678 N.E. 2d 273; *Rhodus v. Ohio Dept. of Transp.* (1990), 67 Ohio App. 3d 723, 588 N.E. 2d 864. The duty of ODOT to maintain the roadway in a safe drivable condition is not delegable to an independent contractor involved in

roadway construction. ODOT may bear liability for the negligent acts of an independent contractor charged with roadway construction. *Cowell v. Ohio Department of Transportation*, Ct. of Cl. No. 2003-09343-AD, jud, 2004-Ohio-151.

{¶ 7}   Generally, in order to prove a breach of the duty to maintain the highways, plaintiff must prove, by a preponderance of the evidence, that defendant had actual or constructive notice of the precise condition or defect alleged to have caused the accident. *McClellan v. ODOT* (1986), 34 Ohio App. 3d 247, 517 N.E. 2d 1388. Defendant is only liable for roadway conditions of which it has notice but fails to reasonably correct. *Bussard v. Dept. of Transp.* (1986), 31 Ohio Misc. 2d 1, 31 OBR 64, 507 N.E. 2d 1179. However, proof of notice of a dangerous condition is not necessary when defendant's own agents actively cause such condition. See *Bello v. City of Cleveland* (1922), 106 Ohio St. 94, 138 N.E. 526, at paragraph one of the syllabus; *Sexton v. Ohio Department of Transportation* (1996), 94-13861. Plaintiff, in the instant claim, has alleged that the damage to her vehicle was directly caused by construction activity of ODOT's contractor on September 3, 2009.

{¶ 8}   "If an injury is the natural and probable consequence of a negligent act and it is such as should have been foreseen in light of all the attending circumstances, the injury is then the proximate result of the negligence. It is not necessary that the defendant should have anticipated the particular injury. It is sufficient that his act is likely to result in an injury to someone." *Cascone v. Herb Kay Co.* (1983), 6 Ohio St. 3d 155, 160, 6 OBR 209, 451 N.E. 2d 815, quoting *Neff Lumber Co. v. First National Bank of St. Clairsville, Admr.* (1930), 122 Ohio St. 302, 309, 171 N.E. 327. This court, as trier of fact, determines questions of proximate causation. *Shinaver v. Szymanski* (1984), 14 Ohio St. 3d 51, 14 OBR 446, 471 N.E. 2d 477.

{¶ 9}   In order to find liability for a damage claim occurring in a construction area, the court must look at the totality of the circumstances to determine whether ODOT acted in a manner to render the highway free from an unreasonable risk of harm for the traveling public. *Feichtner v. Ohio Dept. of Transp.* (1995), 114 Ohio App. 3d 346, 683 N.E. 2d 112. In fact, the duty to render the highway free from an unreasonable risk of harm is the precise duty owed by ODOT to the traveling public both under normal traffic conditions and during highway construction projects. See e.g. *White v. Ohio Dept. of Transp.* (1990), 56 Ohio St. 3d 39, 42, 564 N.E. 2d 462. Plaintiff

has failed to prove her damage was proximately caused by any negligent act or omission on the part of ODOT or its agents. See *Wachs v. Dept. of Transp., Dist. 12*, Ct. of Cl. No. 2005-09481-AD, 2006-Ohio-7162; *Nicastro v. Ohio Dept. of Transp.*, Ct. of Cl. No. 2007-09323-AD, 2008-Ohio-4190.

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

KRISTIN RUYLE

    Plaintiff

    v.

OHIO DEPARTMENT OF TRANSPORTATION, DISTRICT 2

    Defendant

    Case No. 2009-07661-AD

Deputy Clerk Daniel R. Borchert

ENTRY OF ADMINISTRATIVE DETERMINATION

Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of defendant. Court costs are assessed against plaintiff.

_____
DANIEL R. BORCHERT
Deputy Clerk

Entry cc:

Kristin Ruyle
11175 Centerville
Whitehouse, Ohio  43571

Jolene M. Molitoris, Director
Department of Transportation
1980 West Broad Street
Columbus, Ohio  43223

RDK/laa
11/17
Filed 11/20/09
Sent to S.C. reporter 3/12/10